UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAWN B. BARNES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-00655-SRW |
| ST. CHARLES POLICE DEPARTMENT, et al., | ) ) ) ) |
| Defendants. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Shawn B. Barnes' application to proceed in the district court without prepayment of fees and costs. Based on the financial information provided in the application, the Court will grant the application. Additionally, for the following reasons, on initial review, the Court will dismiss without prejudice defendants St. Charles Police Department, St. Charles Prosecutor's Office, JCS Law, LLC, Gwendolyn Goeke, Chris LaPee, and John Shleiffarth. The Court will also dismiss without prejudice plaintiff's claims brought against defendant Nicholas Martin in his official capacity. The Court will grant plaintiff thirty days to file an amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging defendants violated his Fourth and Sixth Amendment rights. He names as defendants the St. Charles County Police Department, Saint Charles County Prosecutor's Office, and JCS Law, LLC. While these are the only three defendants listed in the caption of the complaint, in the body of the complaint, below each of these defendant's names, he lists the individuals he seeks to sue.  He names Officer Nicholas J. Martin of the St. Charles County Police Department, Assistant Prosecuting Attorney Gwendolyn Goeke at the St. Charles Prosecutor's Office, and attorneys Chris LaPee and John Shleiffarth at JCS Law, LLC. The Court will consider both the organizational defendants and the individual defendants for purposes of this memorandum and order. Plaintiff does not state whether he is suing defendants in their individual or official capacities.

Plaintiff states that on October 15, 2019 he was falsely accused of dissemination of sexual images, harassment, and property damage arising out of an incident in St. Charles County, Missouri. He states the officer investigating the case, Officer Martin, wrote false statements,

mishandled evidence, fabricated evidence and lied during his deposition.[1] He alleges this conduct was racially motivated.

According to plaintiff, on October 14, 2019, he had gone to his ex-girlfriend, RH's house and knocked on the door. RH called the police. Plaintiff left without seeing RH and prior to law enforcement's arrival. The next day, on October 15, 2019, plaintiff went to RH's house again and left her belongings on the hood of her car. Plaintiff states that although he had no contact with RH and left after dropping off her belongings, she called 911. Officer Martin responded to this call. RH told Martin that plaintiff had placed a disc on her car that contained sexual images of her. Plaintiff states that RH had not looked at the disc before Martin's arrival and therefore she could not have had any idea what was on the disc.

According to plaintiff, Martin allowed RH to enter her house with the disc to look at the images and confirm that they were sexual images. She returned to Martin and confirmed that the disc contained sexual images of her. Plaintiff states that at no time did Martin see these images; he relied on RH's word. Plaintiff states Martin took RH's statement without viewing the evidence. Martin then took the disc and entered it into the evidence at the St. Charles County Police Department.

Plaintiff was charged with harassment, attempted burglary, nonconsensual dissemination of private sexual images, property damage, and stealing from a motor vehicle. His case was pending for three years before trial. On the night before the trial, Assistant Prosecutor Goeke emailed the images to plaintiff's (new) attorney Kevin Green along with a plea offer. On December

---

[1] While plaintiff's complaint is sparse on details, he has attached to his complaint a letter he wrote to the United States Attorney's Office, police reports from his criminal case, a probable cause statement, the evidence and property record, the docket sheet, and copies of emails with his attorneys. The Court will consider these attachments as part of the complaint for all purposes. *See* Fed. R. Civ. P. 10(c).

7, 2022, just before the start of trial, plaintiff was able to view the images. Plaintiff states the images were unidentifiable, that is, they contained no face or markings on the body, and the images were not of RH.

Plaintiff's recitation of the events is in sharp contrast to those reported by Officer Martin. In his probable cause statement, Officer Martin states the following:

> Shawn Barnes responded to RH's residence three times within a twelve hour period. During one of those times, Shawn Barnes attempted to force entry into the residence by punching and kicking the front door, subsequently causing property damage to said door. Shawn Barnes was yelling at RH trying to persuade her to open the door, and mentioned seeing RM [RH's new boyfriend] sleeping on the couch within the home's living room. Shawn Barnes continually sent RH numerous text messages, emails, and voice messages stating that he print off sexually explicit photographs of RH and disseminate them to her workplace, church, and family. In addition, Shawn Barnes threatened to disseminate said images through various social media outlets. Shawn Barnes then left a disc on the windshield of RM's vehicle after unlawfully entering RM's vehicle, subsequently removing various personal documents to include bills to RM's mother. RH informed me that she took Shawn Barnes threats as credible, due to Shawn Barnes possessing numerous sexually explicit images and videos obtained during their previous relationship.

ECF No. 1-4.

Plaintiff alleges that the image was copied to the disc after Officer Martin arrived at the scene. At other places in his supporting documents, plaintiff states his belief that Officer Martin fabricated this image by retrieving it from the internet and creating false statements and narrative. Plaintiff alleges that had Martin investigated properly, he would have determined immediately that the disc did not contain sexual images of RH. Plaintiff states Officer Martin did not have sufficient probable cause for a reasonable person to believe plaintiff committed a crime.

Plaintiff alleges Assistant Prosecutor Gwendolyn Goeke violated his right to a speedy trial. He states that she prosecuted his case for more than three years without his accuser's participation and with insufficient probable cause. He states his belief that Goeke's political campaign was the reason behind his attorneys withdrawing on April 1, 2021. "My attorneys knew [that Goeke had

begun her campaign] and opted to withdraw in hopes to gain favor from Goeke if she wins her judge seat." He also believes his attorney Chris LaPee entered into a private agreement with Goeke to withdraw from the case.

He believes his accuser's deposition was fabricated and that "assistant prosecutor Goeke orchestrated this false deposition." Plaintiff states that Goeke denied his attorneys access to all the evidence in the case and denied him a speedy trial. Plaintiff insinuates that Goeke did this because she was campaigning to be a state court judge in St. Charles County while she was prosecuting his case. Plaintiff states that after Goeke lost her election, she dismissed plaintiff's case.

As to his own lawyer, Chris LaPee, plaintiff states that he was dishonest and fabricated RH's deposition. Plaintiff states LaPee suggested to him that he plead guilty before LaPee had investigated the facts of the case. Plaintiff states LaPee told him that a key piece of evidence had been manipulated by his accuser, but he did not act on this information or file any motion with the court. LaPee withdrew from plaintiff's case on the day of trial, and the trial had to be continued.

Plaintiff states that because of the charges, he lost his business, his house, his vehicle, and the potential for higher paying jobs. Plaintiff states he cannot apply for higher paying jobs because of his arrest record. For relief, he seeks a refund of his $8,000 attorneys' fees, $10,000 for loss of his business equipment, $7,300 for loss of his vehicle, $10,000 for "credit debit," $50,000 in home equity, and $633,600 in lost profits of his business.

## Discussion

Plaintiff's complaint is subject to dismissal for several reasons, including that he has sued entities not subject to suit and he has not alleged the capacity in which he sues the individual plaintiffs. The Court will allow him to amend his complaint in accordance with the instructions below.

St. Charles County Police Department and Prosecutor's Office

First, plaintiff has sued the St. Charles County Police Department and the St. Charles County Prosecutor's Office, neither of which are entities subject to suit under 42 U.S.C. § 1983. A local governing body can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable merely because it employs a wrongdoer. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality . . . cannot be liable on a respondeat superior theory"). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Plaintiff has not alleged any unconstitutional policy or custom of St. Charles County caused his alleged constitutional violations, nor does he allege the County was deliberately indifferent by failing to train or supervise its employees. For these reasons, plaintiff's § 1983 claims against the St. Charles County Police Department and St. Charles County Prosecutor's Office will be dismissed.

Official Capacity Claims Against Officer Nicholas J. Martin and Assistant Prosecutor Gwendolyn Goeke

A plaintiff can bring a § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). If the complaint is silent about the capacity in which he is suing, however, the Court must

interpret the complaint as including only official capacity claims. *Id*.; *see also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"). In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

As discussed above, plaintiff has not stated a § 1983 claim against either St. Charles County Police Department or St. Charles County Prosecutor's Office. For this reason, plaintiff's official capacity claims against Officer Martin and Gwendolyn Goeke must be dismissed.

<u>Assistant Prosecutor Gwendolyn Goeke</u>

Even assuming plaintiff would amend his complaint to allege claims against Assistant Prosecutor Goeke in her individual capacity, prosecutors are generally immune from § 1983 liability so long as the actions complained of appear to be within the scope of prosecutorial duties. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982); *see also Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). The immunity enjoyed by prosecutors from § 1983 actions can be either absolute or qualified. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).

A prosecutor is entitled to absolute immunity if he or she is acting as an advocate for the State in a criminal prosecution. *Id*. "Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). For instance, "[t]he acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government." *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006). On the other hand, a prosecutor is entitled to only qualified immunity when he or she pursues actions in an "investigatory" or "administrative" capacity. *Id*.

Prosecutorial immunity depends on the functional nature of the prosecutor's activities; therefore, immunity is not defeated by "allegations of improper motive in the performance of prosecutorial functions." *Sample*, 836 F.3d at 916. Absolute immunity still applies even when there are allegations of malice, vindictiveness, or self-interest. *Reasonover v. City of St. Louis, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006). Absolute immunity also "covers actions taken to initiate a prosecution, even if those actions are patently improper." *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013). Furthermore, the Eighth Circuit has "instructed that a prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony or withheld or suppressed exculpatory evidence." *Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018); *see also Faria v. McCarrick*, No. 4:16-cv-1175-JAR; 2019 WL 4695993, *9-10 (E.D. Mo. Sept. 26, 2019).

Plaintiff has not alleged Goeke pursued any actions in an investigatory or administrative capacity. He does not suggest that she assumed any investigative role in his case. Rather, he alleges she knew the testimony and the criminal allegations against plaintiff were false but she continued

to prosecute him for several years because of her ongoing political campaign. He also alleges she deliberately withheld exculpatory evidence. These allegations fall squarely within the functional nature of Goeke prosecutorial duties. Thus she is entitled to absolute immunity from suit. The Court will therefore dismiss Goeke from this action.

### Defendants Chris LaPee and John Shleiffarth

The essential elements of a 42 U.S.C. § 1983 claim are "(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020). However, a defense attorney, whether appointed or retained, does not act under color of state law, and thus cannot be liable for the alleged deprivation of constitutional rights under 42 U.S.C. § 1983. *See Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"); *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990) (stating that the Eighth Circuit "has repeatedly held that both retained and appointed attorneys are not liable for deprivations of constitutional rights under 42 U.S.C. § 1983 for the reason that they do not act under color of state law"). Therefore, plaintiff's § 1983 claims brought against his private attorneys, Chris LaPee and John Shleiffarth, must be dismissed as they were not acting under color of state law.

### Speedy Trial Claim

The Sixth Amendment provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by and impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. Amend. VI. Additionally, the Missouri Speedy Trial Act provides that "[i]f defendant announces that he is ready for trial and files a request

for a speedy trial, then the court shall set the case for trial as soon as reasonably possible thereafter." Mo. Rev. Stat. § 545.780(1). The statute provides that the remedy for a defendant who is not tried "as soon as reasonably possible is to seek mandamus." *Id.* at § 545.780.2. Plaintiff did not file a state petition for writ of mandamus.[2] Additionally, Missouri law provides at least two other avenues for a pretrial detainee to challenge unconstitutional conduct: filing a declaratory action or filing a state petition for habeas corpus. *See Wayne v. Mo. Bd. of Prob. and Parole*, 83 F.3d 994, 996-97 (8th Cir. 1996). Plaintiff did not pursue either of these actions.[3]

Instead of seeking relief in state court during the pendency of his criminal case, he filed this action in federal court against the St. Charles County Police Department and the St. Charles County Prosecutor's Office for violation of his constitutional rights under 42 U.S.C. § 1983. As discussed above, to state a plausible claim against these entities, plaintiff must allege and official policy, unofficial custom, or a deliberately indifferent failure to train caused the constitutional violation. *See Curtis v. Nichols*, No. 4:19-cv-2597-SRC; 2020 WL 491301, *4 (E.D. Mo. Jan. 30, 2020) (denying plaintiff's claim for § 1983 damages against St. Charles County arising out of alleged speedy trial violations). Plaintiff has made no such claim. For these reasons, the Court finds that plaintiff has not stated a plausible claim for a violation of his rights to a speedy trial.

---

[2] The Court has searched Missouri state court's docketing system, Missouri Case.net, for whether plaintiff filed a writ of mandamus, a declaratory action, or a state petition for habeas corpus and has found no such filings.

[3] Additionally, plaintiff has not alleged when he asserted his right to a speedy trial. The docket sheet for his underlying criminal case is no longer available on Missouri Case.net. Plaintiff has filed one page of the docket sheet from April 26, 2022 to July 8, 2022. This page does not reflect any request for a speedy trial. *See* ECF No. 1-8. The only Order for Continuance filed during this time period was with the consent of both parties. *Id.*

**Instructions for Amended Complaint**

Because plaintiff is proceeding as a self-represented litigant, he will be allowed to amend his complaint according to the instructions set forth below.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant. If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days of this Order in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted. Plaintiff has demonstrated that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED** and the filing fee is waived. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's 42 U.S.C. § 1983 claims brought against defendants Saint Charles County Police Department, St. Charles County Prosecutor's Office, Gwendolyn Goeke, JCS LLC, Chris LaPee, and John Shleiffarth are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's 42 U.S.C. § 1983 claims brought against defendant Nicholas Martin in his official capacity are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days of the date of this Order in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 3]

An Order of Partial Dismissal will accompany this Opinion, Memorandum, and Order.

**Plaintiff's failure to comply with this Order will result in the dismissal of the complaint without prejudice and without further notice to plaintiff**.

Dated this 24th day of August , 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE