UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAWN B. BARNES, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-cv-00655-SRW |
| ST. CHARLES POLICE DEPARTMENT, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on initial review of self-represented Plaintiff Shawn B. Barnes' amended complaint. For the following reasons, the Court will allow Plaintiff to file a second amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded

facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

### Background

The Court conducted an initial review of Plaintiff's original complaint on August 24, 2023, and dismissed all Defendants except Officer Nicholas J. Martin of the St. Charles County Police Department. (Doc. 5). Plaintiff had not alleged the capacity in which he was suing Officer Martin, so the Court interpreted the complaint as including only official capacity claims. The Court dismissed these claims because Plaintiff had not established any liability on the part of St. Charles County. The Court allowed Plaintiff the opportunity to file an amended complaint, and instructed Plaintiff that he "must specify whether he intends to sue each defendant in an official capacity, and individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant." (Doc. 5 at 11).

### The Amended Complaint

Plaintiff brings this amended complaint pursuant to 42 U.S.C. § 1983 alleging defendants violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. He names as Defendants (1) Officer Nicholas J. Martin, St. Charles County Police Department, and (2) Gwendolyn Goeke, Assistant Prosecuting Attorney, St. Charles Prosecutor's Office. As with Plaintiff's original complaint, here again in his amended complaint, he does not state whether he is suing Defendants in their individual capacities, official capacities, or both.

Plaintiff's amended complaint is brief.[1] His statement of claim is as follows:

---

[1] For a full summary of the original complaint, see the Court's Opinion, Memorandum and Order dated August 24, 2023. (Doc. 5). The Court's summary was taken from attachments to the original complaint, including a letter plaintiff wrote to the United States Attorney's Office, police reports from his criminal case, a probable cause statement, the evidence and property record, the docket sheet, and copies of emails with his attorneys. *Id.* at 2-5. Plaintiff has attached these documents

    1.      What happened to you?
    2.      When did it happen?
    3.      Where did it happen?
    4.      What injuries did you suffer?
    5.      What did each defendant personally do, or fail to do, to harm you?

    1.      I was falsely accused of Dissemination of sexual images, Harassment and Property Damage.

    2.      October 15, 2019

    3.      1312 Cambrook Ct. Saint Charles County, MO. 63304

    4.      I lost my business, my home and my financial stability. I could not apply for comparable employment during the three plus years my case was prosecuted because of the arrest record. Since my case has been dismissed I can not afford to expunge my record and move forward with my life.

    5.      Officer Martin wrote false statements, mishandled evidence, lied during this deposition and failed to investigated the probable cause.

               Assistant Prosecutor Goeke maliciously prosecuted my case by not correcting the false statements refusing access to all the in my evidence. Goeke was also campaigning for a judge seat in Saint Charles County while prosecuting my case, after losing her election my case was dismissed.

(Doc. 9 at 7).

For relief, Plaintiff states that he seeks reimbursement for the $11,000 in legal fees. He also seeks financial reimbursement for losing his business, house, vehicle, and the "loss of a high earning job opportunity due to their failures and violations." He itemizes these damages as $10,000 in business equipment; $7,300 for a vehicle; $10,000 "credit debit"; $50,000 home equity; and $733,600 lost business profits over four years.

## Discussion

Plaintiff's amended complaint is subject to dismissal for the same reason his original complaint was subject to dismissal: he has sued Assistant Prosecuting Attorney Goeke, who is

---

and deposition testimony, totaling 158 pages, to his amended complaint. *Id.*

immune from suit, and his official capacity claims against Officer Martin fail to state a claim upon which relief may be granted. *See* Doc. 5 at 5-9.

*Assistant Prosecutor Gwendolyn Goeke*

First, the Court notes that it has already dismissed Defendant Goeke from this suit based on prosecutorial immunity. (Doc. 5 at 7-9). In its prior order, the Court discussed the doctrine of prosecutorial immunity and how it applied to Defendant Goeke. *Id.* In his amended complaint, Plaintiff does not allege any new or different facts sufficient to overcome Goeke's immunity from suit. His allegations of malicious prosecution and improper motive in the performance of her prosecutorial functions fall squarely within Goeke's absolute immunity. *See Sample v. City of Woodbury*, 836 F.3d 916 (8th Cir. 2016); *Reasoner v. City of St. Louis, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006). For this reason, the Court will dismiss Plaintiff's claims against Defendant Goeke.

*Official Capacity Claims Against Officer Nicholas J. Martin*

Likewise, as the Court discussed in its prior order, Plaintiff cannot maintain a § 1983 action against Officer Martin in his official capacity. *See* Doc. 5 at 6-7. A plaintiff can bring a § 1983 claim against a public official acting in his official capacity, his individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). If the complaint is silent about the capacity in which he is suing, as Plaintiff's amended complaint is here, the Court must interpret the complaint as including only official capacity claims. *Id.*; *see also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535; *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir.

-4-

2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"). In order to prevail on an official capacity claim, a plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).

Plaintiff has not alleged any liability on the part of St. Charles County. A local governing body can be sued directly under § 1983, however, a municipality cannot be held liable merely because it employs a wrongdoer. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Plaintiff has not alleged any policy or custom of St. Charles County violated his constitutional rights, nor does he allege the County was deliberately indifferent by failing to train or supervise its employees. Because the Court must interpret the amended complaint as including only official capacity claims against Officer Martin, and because Plaintiff has not alleged any liability on the part of St. Charles County, he has not stated a plausible claim against Officer Martin.

### Instructions for Second Amended Complaint

Because Plaintiff is proceeding as a self-represented litigant, and has presented serious allegations to the Court, he will be allowed to file a second amended complaint according to the instructions set forth below.

In the "Caption" section of the Court-provided form, Plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a). In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant. If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff is warned that the filing of the second amended complaint **completely replaces** the original and amended complaints. This means that claims that are not re-alleged in the second amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). If Plaintiff fails to file a second amended complaint on a Court-provided form within thirty (30) days of this Memorandum and Order in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

**Motion to Appoint Counsel**

Plaintiff has filed a second motion to appoint counsel. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted. Plaintiff has demonstrated that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to Plaintiff a copy of the Court's civil complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall file a second amended complaint within thirty (30) days of the date of this Memorandum and Order in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's second application to proceed in the district court without prepaying fees and costs is **DENIED as moot** as his first application was previously granted. [ECF No. 7]

**IT IS FURTHER ORDERED** that Plaintiff's second motion to appoint counsel is **DENIED without prejudice**. [ECF No. 8]

**IT IS FURTHER ORDERED** that Plaintiff's failure to comply with this Memorandum and Order will result in the dismissal of this action without prejudice and without further notice to Plaintiff.

Dated this 18th day of June, 2024.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE